IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**BOBBY RAY CARTER JR.,**
*Appellant.*

————————

No. CR-18-0508-PR
Filed August 13, 2020

————————

Appeal from the Superior Court in Cochise County
The Honorable James L. Conlogue, Judge
The Honorable Wallace R. Hoggatt, Judge
Nos. S0200CR201500022
        S0200CR201500023
        S0200CR201500157
(Consolidated)
**AFFIRMED IN PART AND VACATED IN PART**

————————

Opinion of the Court of Appeals, Division Two
245 Ariz. 382 (App. 2018)
**AFFIRMED**

————————

COUNSEL:

Mark Brnovich, Arizona Attorney General, O.H. Skinner, Solicitor General, Michael T. O'Toole, Chief Counsel, Criminal Appeals Section, Diane Leigh Hunt (argued), Assistant Attorney General, Tucson, Attorneys for the State,

Randal B. McDonald (argued), Perkins Coie LLP, Phoenix, Attorneys for Bobby Ray Carter Jr.

Brian Thredgold, Mikel Steinfeld, Phoenix, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

————————

CHIEF JUSTICE BRUTINEL authored the opinion of the Court, in which VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, GOULD, LOPEZ, BEENE AND MONTGOMERY joined.

———————

CHIEF JUSTICE BRUTINEL, opinion of the Court:

¶1 Bobby Ray Carter was convicted of two counts of theft, two counts of vehicle theft, and one count of robbery, for stealing a sport utility vehicle ("SUV") and a tractor. Here, we consider whether Carter's convictions and subsequent sentences constitute multiple punishments for the same offense,[1] violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[2] We hold theft is a lesser-included offense of both vehicle theft and robbery, but vehicle theft is not a lesser-included offense of robbery.

---

[1] Carter received concurrent sentences for the multiple convictions at issue here, but multiple convictions for the same offense constitute multiple punishments even if the sentences are concurrent. *See State v. Brown*, 217 Ariz. 617, 621 ¶ 13 (App. 2008). In *Ball v. United States*, the Supreme Court clarified that when the legislature did not intend a single offense to be punishable under two separate provisions, "[t]he separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." 470 U.S. 856, 865 (1985) ("For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense."). The Court concluded that a "second conviction, even if it results in no greater sentence, is an impermissible punishment." *Id.*

[2] "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. "No person shall . . . be twice put in jeopardy for the same offense." Ariz. Const. art. 2, § 10. The analysis under both the federal and state constitutions is the same because the language is virtually identical and "the two clauses have been held to grant the same protection to criminal defendants." *State v. Eagle*, 196 Ariz. 188, 190 ¶ 5 (2000).

## I.   BACKGROUND

¶2        In January of 2015, Carter went on a crime spree, during which he carjacked an SUV and a tractor.  Carter was convicted of theft of property with a value of $4,000 or more but less than $25,000 (A.R.S. § 13-1802(A)(1), (G)), vehicle theft (A.R.S. § 13-1814(A)(1)), and robbery (A.R.S. § 13-1902(A)) for stealing the SUV.  For the tractor, Carter was convicted of theft of property with a value of $25,000 or more (§ 13-1802(A)(1), (G)), and vehicle theft (§ 13-1814(A)(1)).  Because of his historical prior felony convictions, the trial court sentenced Carter to a combination of prison terms totaling 30.75 years for those offenses.[3]

¶3        The court of appeals reversed in part, holding Carter's convictions for theft and vehicle theft for both the SUV and the tractor constituted multiple punishments for the same offense in violation of the Double Jeopardy Clause.  *State v. Carter*, 245 Ariz. 382, 392 ¶¶ 33–34 (App. 2018).  The court similarly concluded that Carter's convictions for theft and robbery involving the SUV constituted multiple punishments.  *Id.* at 393 ¶ 35.  But the court found that Carter's convictions for vehicle theft and robbery involving the SUV were separate offenses, and as such, could be punished separately.  *Id.* at 389 ¶ 19.

¶4        The court vacated the convictions carrying the lesser penalties—Carter's theft conviction involving the SUV, and vehicle theft conviction involving the tractor.  *Id.* at 395–96 ¶¶ 46–47.

¶5        The court of appeals' analysis of the relationship between theft, vehicle theft, and robbery was inconsistent with its opinion in *State v. Garcia*, 235 Ariz. 627 (App. 2014).  *See Carter*, 245 Ariz. at 389 ¶ 19.  In *Garcia*, the court concluded that because vehicle theft is a lesser-included offense of theft, and theft is a lesser-included offense of armed robbery, that vehicle theft must be a lesser-included offense of armed robbery.  235 Ariz. at 629–31 ¶¶ 2–3, 10–11.  Therefore, *Garcia* held that convicting the defendant for both vehicle theft and armed robbery involving the same incident violated the Double Jeopardy Clause.  *Id.* at 629 ¶ 5, 631 ¶ 11.

---

[3]        Carter was also convicted of one count of aggravated assault, four counts of burglary, and one count of criminal damage, which brought his sentence to 60.75 years total.

**¶6**         We granted review to determine whether vehicle theft is a lesser included offense of theft and robbery, an issue of statewide importance, and to resolve the split of authority in the court of appeals. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

## II.  DISCUSSION

**¶7**         Whether a defendant's convictions violate the Double Jeopardy Clause is a question of law, which we review de novo. *State v. Goudeau*, 239 Ariz. 421, 469 ¶ 215 (2016). The Double Jeopardy Clauses in both the United States and Arizona Constitutions protect a defendant "against a second prosecution for the same offense after acquittal" and "against a second prosecution for the same offense after conviction." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)); *see also State v. Eagle*, 196 Ariz. 188, 190 ¶ 5 (2000). In addition to protecting against multiple trials for the same offense, "[t]he Double Jeopardy Clause protects against multiple punishments for the same offense." *State v. Jurden*, 239 Ariz. 526, 529 ¶ 10 (2016). This protection is "designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Johnson*, 467 U.S. at 499.

**¶8**         We begin with the presumption that the legislature does not intend to punish defendants twice for the same offense. *Eagle*, 196 Ariz. at 190 ¶ 6 (stating there is a presumption "that the legislature did not intend to authorize cumulative or consecutive sentences when two statutory provisions proscribe the same conduct"). This presumption applies unless there is a "clear indication of contrary legislative intent." *Whalen v. United States*, 445 U.S. 684, 692 (1980). However, unlike the constitutional protection against multiple trials for the same offense, because the legislature has the power to determine the elements of criminal offenses and their punishments, the dispositive question is whether the legislature intended to impose multiple punishments for the same offense. *Albernaz v. United States*, 450 U.S. 333, 344 (1981).

**¶9**         To determine whether two distinct offenses charged under different statutes constitute the same offense, we apply *Blockburger*'s same-elements test, i.e. "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *United States v. Dixon*, 509 U.S. 688, 709 (1993), *Blockburger*'s same-elements test "is the only permissible interpretation of the double jeopardy

clause." *State v. Ortega*, 220 Ariz. 320, 325 ¶ 13 (App. 2008) (citation omitted); *see Jurden*, 239 Ariz. at 529 ¶ 10 (stating *Blockburger*'s same-elements test is used to determine whether double jeopardy is triggered when the same conduct violates two different statutes). If there is no double jeopardy violation after conducting *Blockburger*'s same-elements test, courts should not consider "whether the nature of the acts *alleged* support[s] such a claim." *Ortega*, 220 Ariz. at 325 ¶ 13 (quoting *Dixon*, 509 U.S. at 709 n.12 (finding that the charging documents test is impermissible)).

¶10 Initially, we clarify double jeopardy terminology. Although many cases have used the terms "lesser-included" and "necessarily included" interchangeably, we reiterate our explanation in *State v. Wall*, 212 Ariz. 1 (2006), defining these terms. "An offense is 'lesser included' when the 'greater offense cannot be committed without necessarily committing the lesser offense.' But an offense is 'necessarily included,' and so requires that a jury instruction be given, only when it is lesser included *and* the evidence is sufficient to support giving the instruction." *Wall*, 212 Ariz. at 3 ¶ 14 (internal citations omitted) (quoting *State v. Dugan*, 125 Ariz. 194, 195 (1980)). A necessarily included offense for jury instruction purposes must be a lesser-included offense under *Blockburger*'s same-elements test; however, satisfying *Blockburger*'s same-elements test does not always mean that the offense is a necessarily included offense under Arizona Rule of Criminal Procedure 21.4. *See Lemke v. Rayes*, 213 Ariz. 232, 238 ¶ 17 (App. 2006).

¶11 The State argues that rather than applying *Blockburger*'s same-elements test, the court of appeals applied the "lesser-included offense" test found in Rule 21.4. However, Rule 21.4's necessarily included offense test incorporates *Blockburger*'s same-elements test as its first requirement. *See Schmuck v. United States*, 489 U.S. 705, 709, 716 (1989) (adopting the same-elements test for jury instruction purposes); Jane A. Minerly, Comment, *The Interplay of Double Jeopardy, the Doctrine of Lesser Included Offenses, and the Substantive Crimes of Forcible Rape and Statutory Rape*, 82 Temp. L. Rev. 1103, 1110 (2009) ("The statutory elements approach used by a majority of jurisdictions and the federal system is identical to the test for determining which offenses are the 'same offense' for double jeopardy purposes."); *see also State v. Gipson*, 229 Ariz. 484, 486 ¶ 14 n.2 (2012) ("An offense is necessarily included 'when it is lesser included' . . . ." (citation omitted)); *State v. Celaya*, 135 Ariz. 248, 251 (1983). The court of appeals correctly applied *Blockburger*'s same-elements test.

## A.    Theft Is a Lesser-Included Offense of Vehicle Theft

**¶12**        To determine whether Carter's convictions for both theft and vehicle theft violate double jeopardy, we start by comparing their elements. To satisfy the statutory elements of theft, a person must, without lawful authority, "knowingly . . . [c]ontrol[] property of another with the intent to deprive the other person of such property."  § 13-1802(A)(1).  Vehicle theft requires that a person, without lawful authority, "knowingly . . . [c]ontrol[] another person's means of transportation with the intent to permanently deprive the person of the means of transportation."  § 13-1814(A)(1).

**¶13**        Vehicle theft cannot be committed without also committing each of the elements required to prove theft.  Under *Blockberger*'s same-elements test, they are the same offense for double jeopardy purposes. Vehicle theft requires two elements in addition to those necessary for theft—it requires the property be a means of transportation and that the defendant intend to permanently deprive the victim of that property. Because it has the greater number of elements, vehicle theft is the greater offense and theft is the lesser-included offense.  Although *Garcia* also determined vehicle theft and theft are the same offense, *Garcia* found vehicle theft is the lesser-included offense.  *Garcia*, 235 Ariz. at 630–31 ¶¶ 8, 10–11 (finding the "intent to permanently deprive" element of vehicle theft is a subset of the "intent to deprive" element of theft, and a "means of transportation" is "property").

**¶14**        We disagree with *Garcia*'s reasoning because § 13-1814, the vehicle theft statute, is limited only to theft of a "means of transportation" and has the specific requirement of an "intent to permanently deprive," neither of which appears in the theft statute, § 13-1802. The term "deprive," as used in § 13-1802(A)(1) and defined by § 13-1801(A)(4), includes both permanent and temporary "withhold[ing]" of property.[4]  Thus, although vehicle theft under § 13-1814(A)(1) always requires a permanent

---

[4]        "'Deprive' means to withhold the property interest of another either permanently or for so long a time period that a substantial portion of its economic value or usefulness or enjoyment is lost, to withhold with the intent to restore it only on payment of any reward or other compensation or to transfer or dispose of it so that it is unlikely to be recovered." A.R.S. § 13-1801(A)(4).

withholding of property, theft under § 13-1802(A)(1) does not. A person can deprive another of property without intending to deprive that person of such property permanently. We agree with the court of appeals here, that theft is a lesser-included offense of vehicle theft and we overrule *Garcia* to that extent. The Double Jeopardy Clause prohibits Carter's convictions for both theft and vehicle theft.

## B.   Theft Is a Lesser-Included Offense of Robbery

¶15            It is well settled in Arizona that theft is a lesser-included offense of robbery. *Carter*, 245 Ariz. at 393 ¶ 35; *Garcia*, 235 Ariz. at 630 ¶ 7; *see Wall*, 212 Ariz. at 4 ¶ 15; *State v. McNair*, 141 Ariz. 475, 482 (1984); *Celaya*, 135 Ariz. at 252; *Dugan*, 125 Ariz. at 195; *State v. Jackson*, 121 Ariz. 277, 279 (1979); *State v. Yarbrough*, 131 Ariz. 70, 72–73 (App. 1981).

¶16            Robbery requires all the elements of theft: a person must, without lawful authority, "knowingly . . . [c]ontrol[] property of another with the intent to deprive the other person of such property." § 13-1802(A)(1). Robbery additionally requires that a person "in the course of taking any property of another from his person or immediate presence and against his will, . . . threatens or uses force . . . with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." § 13-1902(A). Theft must be done "knowingly," and although the robbery statute does not have an express intent element, under A.R.S. § 13-202(B), an appropriate mental state will be judicially read into statutes that "necessarily involve[]" a culpable mental state. Specific intent is an element of robbery. *State v. Broadfoot*, 115 Ariz. 537, 538 (1977). Robbery also requires that the property be taken from a "person or [the person's] immediate presence," and that the taking must involve the use or threat of force to coerce the surrender of the property "or to prevent resistance to such person taking or retaining property." § 13-1902(A). Thus, theft is a lesser-included offense of robbery.

## C.   Vehicle Theft Is Not a Lesser-Included Offense of Robbery

¶17            Next, we turn to the conflict in the court of appeals' cases regarding whether vehicle theft is a lesser-included offense of robbery. *Garcia* held that because theft is a lesser-included offense of robbery and vehicle theft is "a form of theft," vehicle theft, like theft, must be a lesser-included offense of robbery. *See* 235 Ariz. at 630 ¶ 8. Conversely, here, the

court of appeals rejected *Garcia*'s premise that vehicle theft is a form of the general offense of theft and held that vehicle theft is not a lesser-included offense of robbery. *Carter*, 245 Ariz. at 393 ¶¶ 37–38. We likewise reject that premise.

**¶18** Again, vehicle theft requires a person, to "knowingly . . . [c]ontrol[] another person's means of transportation with the intent to permanently deprive the person of the means of transportation," without lawful authority. § 13-1814(A)(1). Robbery requires that a person "in the course of taking any property of another from his person or immediate presence and against his will, . . . threatens or uses force . . . with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." § 13-1902(A).

**¶19** Vehicle theft and robbery each require proof of an element that the other does not. Robbery does not require an intent to permanently deprive the victim of the property nor must the property be a means of transportation. And vehicle theft does not require the use of force or the threat of force nor that the taking be from a person or a person's immediate presence. Vehicle theft is not a lesser-included offense of robbery and we overrule *Garcia* to that extent.

### D. Legislative Intent

**¶20** Next, we consider whether a "clear indication of contrary legislative intent" rebuts the presumption afforded by *Blockburger*'s same-elements test. *Whalen*, 445 U.S. at 692; *see Blockburger*, 284 U.S. at 304 ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). We find here, as did the court of appeals, that the legislative history of theft, vehicle theft, and robbery described below is consistent with the presumption that the legislature did not intend to impose multiple punishments for the same offenses. *Carter*, 245 Ariz. at 393 ¶ 39.

**¶21** The State argues that because Arizona's theft statute is a unitary offense, *Blockburger*'s same-elements test requires courts to examine and include the elements contained in every subsection of the unitary theft statute, not just the subsection charged. But such a requirement would

mean that theft could never be a lesser-included offense. Some of the elements of the various means of theft are mutually exclusive. For instance, theft under § 13-1802(A) at times pertains to "property," *e.g.*, § 13-1802(A)(1)–(5), sometimes to "services," *e.g.*, § 13-1802(A)(6), and other times to "ferrous metal or nonferrous metal," *e.g.*, § 13-1802(A)(7)–(9). The different subsections also contain different mens rea requirements, including intentional, § 13-1802(A)(1) ("with the intent to deprive . . ."), and knowing, § 13-1802(A)(5) ("knowing or having reason to know . . ."). Under the State's theory, it would be impossible for any offense to be "greater" than theft because there is no offense whose elements could include all the elements required for every single subsection of the unitary theft statute.[5] Additionally, this would conflict with this Court's holdings that theft *is* a lesser-included offense of robbery. *Supra* ¶ 15.

**¶22** For double jeopardy purposes, courts should look only to the elements of a particular means of theft. Although *Dixon* states a court may not look to underlying conduct when evaluating whether two statutes constitute multiple punishments, 509 U.S. at 708–09, 711, "when a particular offense can be committed in multiple ways, . . . . *Blockburger* does not preclude consideration of the offense as it has been charged in determining the elements of an offense and whether two offenses are the same." *Ortega*, 220 Ariz. at 325 ¶ 14; *see State v. Aguiar-Corona*, 508 N.W.2d 698, 702 (Iowa 1993) ("[W]hen the statute provides alternative ways of committing the crime, the alternative submitted to the jury controls."). Because theft is a unitary offense, "when charging a defendant with theft, the State is not required to specify a subsection of A.R.S. § 13-1802 within the charging document" and "the jury need not unanimously agree on the manner in which the defendant committed the offense." *State v. Kalauli*, 243 Ariz. 521, 525 ¶ 11 (App. 2018). However, courts must be able to conduct a double jeopardy analysis before sentencing. The state must articulate which provision(s) of the unitary offense the state has proved so a court can determine whether the offenses are the same. *See Ortega*, 220 Ariz. at 325 ¶ 14. The state can choose to allege the specific provision in the charging document, during trial, or prior to sentencing, as long as it does so prior to a final disposition.

---

[5] Under § 13-1802(A) and (B), there are ten different ways to commit theft.

**¶23** The legislative history of vehicle theft and theft supports the conclusion that theft is a lesser-included offense of vehicle theft. In 1998, the Arizona Legislature enacted a separate vehicle theft offense. House Bill 2185 separated vehicle theft "from the tiered penalty system associated with ordinary theft." Ariz. State House Summary for H.B. 2185, 43rd Leg., 2d Reg. Sess. (Mar. 10, 1998). The bill's purpose was to make vehicle theft a class 3 felony "under most conditions . . . but a class 5 felony to only intend to temporarily take another person's vehicle [pursuant to A.R.S. § 13-1803]." Ariz. State Senate Fact Sheet for H.B. 2185, 43rd Leg., 2d Reg. Sess. (Revised) (Apr. 15, 1998).

**¶24** Based on this legislative history, the court of appeals correctly reasoned that our state legislature did not intend for a defendant to be punished for both theft and vehicle theft for the same criminal transaction. Rather, the legislature intended the defendant to be subject only to the penalty for vehicle theft. The vehicle theft statute now has a standardized penalty; it is always a class three felony, instead of a penalty dependent on the value of the property stolen, as is true of the theft statute. Thus, the vehicle theft statute does not clearly indicate the legislature intended to punish both theft and vehicle theft for the same conduct. And with respect to vehicle theft and robbery, which are not the same offense under *Blockburger*'s same-elements test, there is no indication the legislature did not intend to authorize cumulative punishment for these offenses. Thus, vehicle theft and robbery may be punished separately because silence as to legislative intent is insufficient to rebut the presumption afforded by *Blockburger*'s same-elements test. *Albernaz*, 450 U.S. at 341–42.

## E.   An Offense with a Greater Penalty Can Be a Lesser-Included Offense of One with a Lesser Penalty

**¶25** The State argues that an offense with a greater penalty cannot be a lesser-included offense of one with a lesser penalty. However, in *State v. Caudillo*, 124 Ariz. 410, 413 (1979), we held "whether the penalty is less or the same, an offense is [a lesser] included [offense] if all the elements thereof are contained within the elements necessary to prove the offense charged." *Id.* at 412–13 (rejecting the argument that false imprisonment by violence could not be a lesser-included offense to the greater offense of kidnapping because both offenses carried the same penalty). What matters is not the penalty but the common elements of the offense. *See United States v. Peel*, 595 F.3d 763, 767–68 (7th Cir. 2010) (finding obstruction of justice, which

carried a higher statutory maximum sentence, was a lesser-included offense of bankruptcy fraud because it had fewer elements—and that was the "only sense of 'lesser' that matters under the *Blockburger* test").

¶26 The State also asserts it is a "fundamental rule of statutory/rule construction that no word or phrase be deemed redundant or otherwise inconsequential, as would be the case if the terms 'lesser' and 'included' essentially mean the same thing." The surplusage canon provides, "[i]f possible, every word and every provision is to be given effect . . . None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012). However, the use of the term "lesser-included offense" for double jeopardy purposes does not come from a statute or rule regarding double jeopardy. Rather "lesser-included offense" is a label courts use to help convey the outcome of *Blockburger*'s same-elements test. *See Brown*, 432 U.S. at 168 ("The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it."). Under *Blockburger*'s same-elements test, it is the elements, not the penalty, that matter. Therefore, a lesser-included offense may have a more severe penalty.[6]

¶27 Carter's convictions for theft and vehicle theft involving both the SUV and tractor, as separately charged, violate the Double Jeopardy Clause. Similarly, Carter's conviction for theft, in count five, and for robbery, in count seven, involving the SUV, constitute impermissible double punishment for the same offense. The court of appeals' remedy of vacating the less severe convictions and sentences for the offenses that implicate the Double Jeopardy Clause was appropriate because "usually it's the conviction carrying the lesser penalty that is vacated." *Peel*, 595 F.3d at 768. Therefore, pursuant to A.R.S. § 13-4036, we vacate Carter's convictions and sentences for count five, for the theft of the SUV, and count

---

[6] In *State v. Siddle*, the court of appeals stated, "[w]ith the exception of possession of drug paraphernalia, the drug offenses here are greater offenses than the weapons offense by reason of felony classification." 202 Ariz. 512, 516 ¶ 11 (App. 2002). This is incorrect. But we do not need to overrule *Siddle* because, as the court of appeals stated, the comment in *Siddle* regarding felony classification was dictum that was immediately followed by an application of the same-elements test.

nine, for the vehicle theft of the tractor. The State proved the offense bearing the more severe penalty, and it would be paradoxical to allow the defendant to escape the full consequences thereof.

## III. CONCLUSION

¶28    For these reasons, we affirm in part and vacate in part the convictions and sentences of the trial court and affirm the opinion of the court of appeals.