NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SAMUEL LOPEZ CHAYREZ, *Appellant.*

No. 1 CA-CR 18-0250
FILED 6-8-2021

---

Appeal from the Superior Court in Maricopa County
No. CR2017-005583-001
The Honorable Pamela Sue Gates, Judge

**AFFIRMED IN PART/ VACATED IN PART**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

The Law Office of Kyle T. Green, P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

---

**M c M U R D I E**, Judge:

**¶1**        A jury convicted Samuel Chayrez of four counts of theft of means of transportation, two counts of felony theft, and one count of misdemeanor theft. Chayrez appeals his convictions and sentences for the felony theft convictions and the counts for theft of means of transportation related to those two thefts, arguing that the convictions violated the Double Jeopardy Clause. For the following reasons, we vacate the two theft of means convictions and the corresponding sentences and affirm Chayrez's remaining convictions and sentences.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        On May 16, 2016, Chayrez stole a truck attached to a trailer loaded with four motorcycles. That same day, he stole a bus. The State filed charges against Chayrez, including theft of means of transportation, a class three felony (Counts 2 and 5), and theft, a class two felony (Counts 3 and 6). The State alleged in Count 2 that he stole the truck. In Count 3, the State alleged that he stole the same truck alleged in Count 2 "and/or" the trailer and the motorcycles, and the combined value of all items stolen exceeded $25,000. The State alleged in Counts 5 and 6 that by taking the bus, Chayrez committed theft (Count 6) and theft of means of transportation (Count 5).

**¶3**        After the jury convicted Chayrez, the court sentenced him to concurrent prison terms of 15.75 years for each felony theft conviction, 11.25 years for each means-of-transportation conviction, and six months for the misdemeanor theft conviction. Chayrez appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]    We view the facts in the light most favorable to upholding the verdicts. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

**DISCUSSION**

¶4        On appeal, Chayrez argues that the convictions for Counts 2 and 3 and Counts 5 and 6 violated the Double Jeopardy Clause. The State concedes error regarding Counts 5 and 6 but not Counts 2 and 3. We accept the State's concession regarding Counts 5 and 6 and vacate Count 5. No further discussion is warranted regarding that issue.

¶5        Chayrez argues that his conviction and sentencing on Counts 2 and 3 violate double jeopardy because both concerned the same conduct, and theft of means of transportation charged in Count 2 is a lesser included offense of the theft charged in Count 3.

¶6        We review double jeopardy claims *de novo*. *State v. Powers*, 200 Ariz. 123, 125, ¶ 5 (App. 2001). Because Chayrez raises this issue for the first time on appeal, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To show fundamental error, Chayrez must prove that a fundamental error occurred and caused him prejudice. *Id.* at ¶ 20. "A double jeopardy violation constitutes fundamental, prejudicial error." *State v. Ortega*, 220 Ariz. 320, 323, ¶ 7 (App. 2008).

¶7        It violates double jeopardy protections to impose multiple punishments for the same offense. *Powers*, 200 Ariz. at 125, ¶ 5. This principle extends to lesser-included crimes. *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 362–63, ¶ 10 (App. 1998). The theft of means of transportation charged in Count 2 is a lesser included offense of the theft charged in Count 3. *State v. Carter*, 249 Ariz. 312, 316–17, ¶¶ 12–14 (2020) (discussing theft under A.R.S. § 13-1801(A)(1) and means of transportation under A.R.S. § 13-1814(A)(1)). Thus, to the extent that Count 2 and Count 3 involve the same conduct and property, multiple convictions and sentences would violate double jeopardy.

¶8        Citing to *State v. Fillmore*, 187 Ariz. 174 (App. 1996), Chayrez argues that the theft of the truck, trailer, and the motorcycles in the trailer constituted one count of theft. We agree. In *Fillmore,* a defendant drove off with a tractor attached to a trailer that contained clothing. *Id.* at 179. The State charged Fillmore with one theft count for the tractor and trailer which belonged to one victim, and another theft count for the clothing which belonged to another victim. *Id.* This court vacated the count related to the clothing because "the gist of the offense is the felonious taking of property," and the defendant's taking was one continuous transaction. *Id.* (quoting *Single or Separate Larceny Predicated upon Stealing Property from Different Owners at the Same Time*, 37 A.L.R.3d 1407 (1971 & Supp.)). Chayrez stole the

truck, trailer, and motorcycles in the same manner as the *Fillmore* defendant and thus could not be charged separately for taking each item.

¶9        The State argues Counts 2 and 3 cannot be multiplicitous because Chayrez was convicted for two distinct crimes. *See Merlina v. Jejna*, 208 Ariz. 1, 4, 90 ¶ 12 (App. 2004) ("We determine multiplicity by applying the test enunciated in *Blockburger*[.]"). However, as noted above, our supreme court rejected the State's argument in *Carter*. After *Carter*, when a defendant has taken a vehicle simultaneously with other property, the State may charge the heist as a theft or a theft of a means of transportation, but not both. *See Fillmore*, 187 Ariz. at 179.

¶10        Because Count 2 charged Chayrez with a lesser included offense of Count 3, and both counts resulted from the same taking, Chayrez's sentences for Counts 2 and 3 are multiplicitous to the extent that both involve the same property. Thus, Chayrez has shown error, and we vacate the lesser offense of theft of means in Count 2.

## CONCLUSION

¶11        We vacate the convictions and sentences for Counts 2 and 5. We affirm the remaining conviction and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA