NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OLIGARIO RENTERIA, *Appellant.*

No. 1 CA-CR 20-0057
FILED 9-2-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-100244-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian B. Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1 Defendant Oligario Renteria was convicted of 30 felony offenses and sentenced accordingly. He now argues that one of his convictions for aggravated assault is a lesser included offense of a conviction for attempted first-degree murder, thereby violating double jeopardy. Because, as applicable here, aggravated assault is not a lesser included offense of attempted first-degree murder, the convictions and sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 This case arises out of Renteria's various attempts, one day in December 2016, to force drivers to take him to Mexico. It started when Renteria climbed into the back seat of M.R.'s car while M.R. was parked outside of a Phoenix apartment. Renteria ordered M.R. to drive him to Mexico at gunpoint. M.R. started driving, eventually going southbound on I-17. After Renteria climbed in the front seat, M.R. tried to take Renteria's gun. Renteria grabbed the steering wheel, crossed four lanes of traffic and hit the center median. Renteria then got out of M.R.'s car. As traffic slowed following the crash, Renteria shot several drivers or passengers and shot or shot at various vehicles.

¶3 As relevant to the issue he raises on appeal, Renteria jumped on the hood of a car driven by K.M and started shooting at K.M. and M.M., the front-seat passenger. K.M. ducked and pushed M.M. down as well. One bullet hit K.M.'s elbow. K.M. told M.M. to jump out of the car and she did. Renteria then shot K.M. in the chest and the stomach. K.M. managed to direct the car towards the center median and crashed into a disabled car. Permanently paralyzed, K.M. honked the horn until law enforcement arrived.

¶4 Renteria jumped off the hood and crossed the center median. When law enforcement arrived, Renteria fired at the Troopers and was

subdued after he was shot and dropped his gun. Troopers arrested Renteria and offered him medical aid.

**¶5**         A grand jury indicted Renteria on more than 40 felony offenses, including attempted first-degree murder, aggravated assault, kidnapping, attempted armed robbery, discharge of a firearm at a structure, unlawful use of means of transportation, and numerous counts of endangerment. At trial, on the State's motion, the court dismissed several of the endangerment counts with prejudice. The jury found Renteria guilty of the remaining counts. The court sentenced Renteria to various concurrent and consecutive prison terms totaling more than 100 years. This court has jurisdiction over Renteria's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2021).[1]

## DISCUSSION

**¶6**         Renteria argues that his conviction for aggravated assault of K.M. is a lesser included offense of attempted first-degree murder of K.M. and thus violates double jeopardy. Because Renteria failed to timely object, this court's review is limited to fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018).

**¶7**         A defendant cannot be convicted and punished more than once for the same offense because it violates double jeopardy. *Merlina v. Jejna*, 208 Ariz. 1, 4 ¶ 14 (App. 2004). "Thus a defendant may not be convicted for both an offense and its lesser included offense, because they are considered the 'same offense' for double jeopardy purposes." *State v. Ortega*, 220 Ariz. 320, 324 ¶ 9 (App. 2008). An offense is a lesser included offense when the "greater offense cannot be committed without necessarily committing the lesser offense." *State v. Carter*, 249 Ariz. 312, 316 ¶ 10 (2020) (quoting *State v. Wall*, 212 Ariz. 1, 3 ¶ 14 (2006)). Whether an offense is necessarily included and the same offense is addressed by applying *Blockburger*'s same-element test. *Id.* at 315 ¶ 9 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)); *Ortega*, 220 Ariz. at 324 ¶ 9. When an offense may be committed in multiple ways, such as aggravated assault, the court looks to the charging document to determine the elements of the charged offense. *Ortega*, 220 Ariz. at 325 ¶ 14.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶8**        A person commits attempted first-degree murder when "[i]ntending or knowing that the person's conduct will cause death, the person [attempts to] cause[] the death of another person." A.R.S. §§ 13-1105(A)(1) (first degree murder); -1001 (attempt). As charged here, a person commits aggravated assault when "us[ing] a deadly weapon or dangerous instrument," a person "[i]ntentionally, knowingly or recklessly caus[es] any physical injury to another person." A.R.S. §§ 13-1204(A)(2) (aggravated assault); -1203(A)(1) (assault).

**¶9**        Attempted first-degree murder can be committed without committing aggravated assault. While both statutes share the same mental state, attempted first-degree murder may be committed without a physical injury to the victim. *See State v. Fernandez*, 216 Ariz. 545, 554 ¶ 30 (App. 2007) ("attempted first-degree murder did not require . . . serious physical injury . . . which must be proved for a conviction of aggravated assault"); *State v. Laffoon*, 125 Ariz. 484, 487 (1980) ("A defendant need not necessarily commit assault when attempting murder since murder may be attempted without committing physical injury."). Additionally, attempted first-degree murder does not require the use of a deadly weapon or dangerous instrument, as is required to commit aggravated assault as charged here.

**¶10**        Renteria relies on *State v. Myers*, 59 Ariz. 200, 208 (1942), where the court noted assault and battery is a lesser included offense of unlawful homicide. Attempted first-degree murder, however, is distinguishable from a completed murder in the same-element test analysis; the former does not require an injury while the latter requires death. Thus, aggravated assault is not a lesser included offense of attempted first-degree murder and there is no double jeopardy violation.

**¶11**        Renteria also argues that aggravated assault is a lesser included offense because the same facts support both convictions. However, the *Blockburger* same-elements test "prohibits consideration of the underlying facts or conduct." *Ortega*, 220 Ariz. at 325 ¶ 14; *State v. Price*, 218 Ariz. 311, 314 ¶ 8 (App. 2008). If the same-elements test shows there is no double jeopardy violation, "courts should not consider 'whether the nature of the acts alleged support[s] such a claim.'" *Carter*, 249 Ariz. at 316 ¶ 9 (citations omitted). Thus, this court will not consider the facts in

determining whether aggravated assault is a lesser included offense of attempted first-degree murder.[2]

**CONCLUSION**

¶12        Renteria's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2] To the extent Renteria tries to argue the charges are multiplicitous or unsupported by the evidence, there was substantial evidence to support each conviction beyond a reasonable doubt. *See State v. Leyvas*, 221 Ariz. 181, 191 ¶ 33 (App. 2009) ("Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.") (internal quotations omitted).