IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BROCK ALAN ANDERSEN, *Appellant.*

No. 1 CA-CR 22-0462
FILED 6-1-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202200466
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

**O P I N I O N**

Presiding Judge Maria Elena Cruz delivered the opinion of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

¶1 Brock Alan Andersen appeals his conviction and sentence for one count of shoplifting third offense and one count of theft. For the following reasons, we affirm Andersen's conviction and sentence for shoplifting third offense, merge his conviction for theft into that count, and vacate his sentence for theft.

## FACTUAL AND PROCEDURAL HISTORY

¶2 One early morning in June 2021, several Safeway grocery store employees were taking a break outside of the store, which was closed, when they observed Andersen load two cases of bottled water into a shopping cart. The cases had been displayed for sale on a pallet in front of the store. Andersen left the store parking lot with the cart and water. One of the employees yelled at Andersen to put the water back, and Andersen shouted that he had a gun. The employees told Andersen they were calling the police, and he took off running with the cart. Police arrived shortly thereafter and located Andersen in the vicinity. Andersen admitted taking the cases of water from Safeway but denied having told the store employees he had a gun. He told police he had placed the cases of water in a culvert and police recovered the water there.

¶3 Andersen was charged by indictment with one count of robbery, a class 4 felony (count 1), and one count of shoplifting third offense, a class 4 felony (count 2).

¶4 At trial, Andersen moved for directed verdicts of acquittal, which the superior court denied. Andersen testified that he took the cases of water from the store without paying for them and admitted having been convicted of three counts of shoplifting in 2021. He denied telling the employees he had a gun. Among other instructions, the superior court instructed the jury on the lesser-included offense of theft.

¶5 The jury convicted Andersen of the lesser-included offense of theft (count 1) and shoplifting third offense (count 2). The superior court sentenced Andersen to concurrent sentences of six months in prison, with credit for six months of presentence incarceration for count 1, and 1.5 years in prison for count 2, with credit for 384 days of presentence incarceration. Andersen timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

**DISCUSSION**

I.       Rule 20 Motion

¶6        Andersen argues his conviction for shoplifting third offense should be vacated because the superior court erred by denying his Rule 20 motion. *See* Ariz. R. Crim. P. 20(a)(1) ("After the close of evidence on either side, and on motion or on its own, the court must enter a judgment of acquittal on any offense charged in an indictment, information, or complaint if there is no substantial evidence to support a conviction."). According to Andersen, the shoplifting charge failed because there was no evidence that the water was displayed for sale or that he was "in an establishment" when he took the water. *See* A.R.S. § 13-1805(A).

¶7        We review the denial of a Rule 20 motion de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Substantial evidence is "proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id.* at ¶ 16 (citation and internal quotation marks omitted). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997). We view the facts in the light most favorable to sustaining the verdicts and resolve all conflicts in the evidence against the defendant. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013); *State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012). "[I]n reviewing the sufficiency of the evidence, we do not distinguish circumstantial from direct evidence." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11 (App. 2013).

¶8        As relevant here, a defendant "commits shoplifting if, while in an establishment in which merchandise is displayed for sale," the defendant "knowingly obtains such goods of another with the intent to deprive that person of such goods by . . . [r]emoving any of the goods from the immediate display or from any other place within the establishment without paying the purchase price." A.R.S. § 13-1805(A)(1). Although the statute does not define "establishment," in this context it means a "place of business." *See* Black's Law Dictionary (11th ed. 2019) ("An institution or place of business"); Black's Law Dictionary (4th ed. 1951) ("Institution, place where conducted and equipment; . . . place of business and fixtures"); *see also State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 131-32, ¶ 15 (2020) (approving use of Black's Law Dictionary to interpret statutory terms). An "establishment," in other words, need not be a physically enclosed structure.

¶9          Substantial evidence supports the jury's verdict.   Although Andersen did not remove merchandise from inside a building, the evidence showed he took merchandise displayed for sale from a place of business without paying for it.   Viewing the evidence in the light most favorable to sustaining the verdicts, a rational trier of fact could find that Andersen committed shoplifting third offense.   Because substantial evidence reasonably supported a conclusion that Andersen committed shoplifting, the superior court properly denied Andersen's Rule 20 motion.

II.     Double Jeopardy

¶10          Andersen next argues his theft and shoplifting convictions violate the Double Jeopardy clauses of the United States and Arizona constitutions because theft under A.R.S. § 13-1802(A)(1) is a lesser-included offense of shoplifting under A.R.S. § 13-1805(A)(1).   *See* U.S. Const. amend V; Ariz. Const. art. 2, § 10.   As Andersen acknowledges, because he did not ask the superior court to vacate his conviction for theft for this reason, we review for fundamental error.   *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).   A double jeopardy violation constitutes fundamental error.   *State v. Price*, 218 Ariz. 311, 313, ¶ 4 (App. 2008).   Whether Andersen's convictions violate the Double Jeopardy Clause is a question of law, which we review de novo.   *State v. Carter*, 249 Ariz. 312, 315, ¶ 7 (2020).

¶11          "To determine whether two distinct offenses charged under different statutes constitute the same offense, we apply *Blockburger*'s same-elements test, i.e. 'whether each provision requires proof of a fact which the other does not.'"   *Id.* at 315, ¶ 9 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).   "[W]e look to the elements of the offenses and not to the particular facts that will be used to prove them."   *State v. Ortega*, 220 Ariz. 320, 324, ¶ 9 (App. 2008).   "An offense is lesser included when the greater offense cannot be committed without necessarily committing the lesser offense."   *Carter*, 249 Ariz. at 316, ¶ 10 (citation and internal quotation marks omitted).   "[L]esser-included offense is a label courts use to help convey the outcome of *Blockburger*'s same-elements test."   *Id.* at 319, ¶ 26 (citation and internal quotation marks omitted).   Under the *Blockburger* test, "it is the elements, not the penalty, that matter.   Therefore, a lesser-included offense may have a more severe penalty."   *Id.* at 320, ¶ 26.   A defendant's double jeopardy rights can be violated even when the two sentences are concurrent, as they are in this case.   *See State v. Brown*, 217 Ariz. 617, 621, ¶ 13 (App. 2008).

¶12          The State concedes, and we agree, that theft by control under § 13-1802(A)(1) is a lesser-included offense of shoplifting under § 13-

1805(A)(1).  Sections 13-1802 and -1805 are found in chapter 18 of the criminal code, which generally addresses theft offenses.  *See* A.R.S. §§ 13-1801 to -1820.  As relevant here, a person commits shoplifting under § 13-1805(A)(1)

> if, while in an establishment in which merchandise is displayed for sale, the person knowingly obtains such goods of another with the intent to deprive that person of such goods by . . . [r]emoving any of the goods from the immediate display or from any other place within the establishment without paying the purchase price[.]

Under § 13-1802(A)(1), a person commits theft by control "if, without lawful authority, the person knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property[.]"  "'Control' . . . means to act so as to exclude others from using their property . . . ."  A.R.S. § 13-1801(A)(2).

¶13       Shoplifting under § 13-1805(A)(1) requires a theft of goods with the additional requirement that the goods be "obtained" from the establishment that sells those goods.  "'Obtain' means to bring about or to receive the transfer of any interest in property . . . ."  A.R.S. § 13-1801(A)(10).  Both offenses require the same mental states of acting "knowingly" and "with the intent to deprive that person of such" goods or property.  A.R.S. §§ 13-1802(A)(1), -1805(A)(1).  Because each element of theft is required to prove shoplifting, theft under § 13-1802(A)(1) is a lesser-included offense of shoplifting under § 13-1805(A)(1).  Accordingly, we merge the two convictions and modify the judgment to reflect a single conviction and sentence for shoplifting third offense.  *See Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 14 n.4 (App. 2004).

## CONCLUSION

¶14       For the foregoing reasons, we affirm Andersen's conviction and sentence for shoplifting third offense, merge his conviction for theft by control into that count, and vacate his sentence for theft by control.

