NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RASOOL ADNAN KASHKOOL, *Petitioner*.

No. 1 CA-CR 23-0577 PRPC

FILED 02-27-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2012-111986-001
The Honorable David W. Garbarino, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Respondent*

Rasool Adnan Kashkool, Sun City
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Cynthia J. Bailey, Vice Chief Judge Randall M. Howe, and Judge Andrew M. Jacobs delivered the decision of the court.

---

**PER CURIAM**:

**¶1**        Rasool Adnan Kashkool petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**        A jury convicted Kashkool of fraudulent schemes and artifices based on evidence he sold three vehicles to three victims by making false representations about the vehicles' mileage — including by altering the vehicles' odometers.  The superior court placed him on a five-year term of probation, to begin after completion of a prison sentence imposed in a separate case.

**¶3**        On direct appeal, Kashkool's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), avowing he could find no colorable argument to raise.  Kashkool filed a *pro se* supplemental brief, raising issues of insufficient evidence, double jeopardy, evidentiary errors, and incompetence to stand trial.  We affirmed.  *State v. Kashkool*, 1 CA-CR 18-0464, 2020 WL 1313318 (Ariz. App. Mar. 19, 2020) (mem. decision).

**¶4**        Kashkool timely requested post-conviction relief, raising claims that both trial and appellate counsel provided ineffective assistance in multiple respects.  After holding a status conference to address whether an evidentiary hearing was needed, the superior court decided one was not and summarily dismissed Kashkool's petition.

**¶5**        Kashkool petitions for review, challenging the dismissal of his claims that trial and appellate counsel provided ineffective assistance by not raising the issue of double jeopardy, and that appellate counsel

2

provided ineffective assistance by not raising the denial of his *Batson*[1] challenge to the State's use of peremptory strikes during voir dire.[2]  We grant review.  *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16.

## DISCUSSION

**¶6**        We review the dismissal of a petition for post-conviction relief for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

**¶7**        To state a colorable claim of ineffective assistance of counsel, Kashkool "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced [him]." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

**¶8**        Kashkool first argues that trial and appellate counsel performed deficiently by not challenging his prosecution on the ground of double jeopardy.  In 2011, before the State indicted him, it filed a misdemeanor case against him in justice court.  The case was dismissed "based on [a] pending civil sanction for [the] same acts"—which was later imposed as a $3,000 civil penalty.  In 2007, the State apparently arrested Kashkool for misdemeanors relating to altered odometers.  But the charges were dismissed when the State did not file a complaint.  Kashkool contends his prosecution for fraudulent schemes and artifices was barred by double jeopardy because the same acts underlay both that conviction and the earlier proceedings.  *See State v. Carter*, 249 Ariz. 312, 315, ¶ 7 (2020) (observing that double jeopardy protections prohibit the State from trying or punishing a defendant more than once for the same offense); U.S. Const. amend. V; Ariz. Const. art. 2, § 10.

**¶9**        When Kashkool raised the double jeopardy issue on direct appeal, this court rejected the claim because the earlier charges were dismissed without prejudice to the commencement of another prosecution and the civil penalty did not implicate double jeopardy.  *Kashkool*, 1 CA-CR 18-0464, at *4, ¶¶ 22–23.  Kashkool asserts that this court's decision does not

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[2] Kashkool does not raise, and therefore waives review of, additional ineffective assistance claims pertaining to restitution and his motion to vacate judgment.  *See* Ariz. R. Crim. P. 32.16(c)(4).

dispose of his ineffective assistance claim because the statute of limitations would have prevented the misdemeanor charges from being refiled.

¶10　　　　The superior court permissibly dismissed Kashkool's claim because neither trial nor appellate counsel could have made a viable double jeopardy argument. First, our reasons for rejecting Kashkool's double jeopardy claim on direct appeal remain valid. Even if the statute of limitations would have prevented the State from refiling misdemeanor charges, that did not trigger double jeopardy protection against the filing of a different, felony charge, with a longer limitations period. Kashkool also fails to establish that the earlier proceedings involved the same acts underlying his fraudulent schemes and artifices conviction. The record shows that the 2011 misdemeanor case was based on Kashkool acting as an unlicensed motor vehicle dealer. Even though the 2007 charges related to altered odometers, those charges necessarily arose from different conduct than Kashkool's offense here—which he committed in 2010.

¶11　　　　Kashkool also argues appellate counsel provided ineffective assistance by not challenging the superior court's denial of his *Batson* challenge at trial. During voir dire, Kashkool challenged the State's four peremptory strikes of minority jurors under *Batson*. The prosecutor explained that he struck the jurors because they were unemployed or held low-level jobs and two had family members who had committed crimes. The superior court denied the *Batson* challenge as to all four jurors.

¶12　　　　We find no abuse of discretion in the dismissal of Kashkool's ineffective assistance claim because he has not shown "a reasonable probability that [the *Batson* claim] would have succeeded on appeal." *Bennett*, 213 Ariz. at 568, ¶ 25. An appellate court views the superior court's findings on a *Batson* challenge with "great deference" because those findings "largely will turn on evaluation of credibility." *Batson*, 476 U.S. at 98 n.21; *see also State v. Porter*, 251 Ariz. 293, 297, ¶ 6 (2021). The burden of persuasion on the racial motivation behind a strike "rests with, and never shifts from, the opponent of the strike." *Purkett v. Elem*, 514 U.S. 765, 768 (1995).

¶13　　　　Here, the prosecutor offered race-neutral explanations for each strike. The superior court could find those explanations credible, particularly considering that the prosecutor did not seek to strike all minority jurors and also used peremptory strikes on non-minority jurors. *See Porter*, 251 Ariz. at 298, ¶ 11 (noting that comparisons between stricken and non-stricken jurors may be relevant to the court's credibility determination); *see also State v. Hernandez*, 170 Ariz. 301, 305 (App. 1991) ("It

is appropriate to consider a prospective juror's work history in exercising peremptory challenges."). Kashkool now suggests that a more thorough comparison of stricken and non-stricken jurors would show that the prosecutor's explanations were not credible. But such post-hoc analyses are not required on appellate review, and "the Supreme Court has warned that 'a retrospective comparison of jurors based on a cold appellate record may be very misleading when alleged similarities were not raised at trial.'" *Porter*, 251 Ariz. at 301, ¶ 21 (quoting *Snyder v. Louisiana*, 552 U.S. 472, 483 (2008)). Considering the law and the record, appellate counsel did not provide ineffective assistance by failing to raise a *Batson* claim on appeal.

## CONCLUSION

¶14 For these reasons, we grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

5