SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-05-0089-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| | ) | Division Two |
| v. | ) | No.  2 CA-CR 04-0020 |
| | ) | |
| | ) | Pima County |
| EMMET DARNELL WALL, | ) | Superior Court |
| | ) | No.  CR-20032279 |
| Appellant. | ) | |
| _____ | ) | **O P I N I O N** |

Appeal from the Superior Court in Pima County
The Honorable Frank Dawley, Judge Pro Tempore

**REVERSED, REMANDED**
_____

Court of Appeals, Division Two
Memorandum Decision (filed Jan. 28, 2005)

**VACATED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Randall M. Howe, Chief Counsel
          Criminal Appeals Section
          Michael T. O'Toole, Assistant Attorney General
Attorneys for State of Arizona

ROBERT J. HOOKER, PIMA COUNTY PUBLIC DEFENDER               Tucson
     By   Brian X. Metcalf, Deputy Public Defender
Attorneys for Emmet Darnell Wall
_____

**B E R C H**, Vice Chief Justice

¶1      This case concerns the trial court's refusal to give a lesser-included offense instruction requested by a defendant who had asserted an all-or-nothing defense.  We conclude that a defendant does not forfeit his right to a lesser-included

offense instruction by asserting an all-or-nothing defense if the evidence in the record is sufficient to support the instruction. We therefore reverse the judgment of conviction, vacate the decision of the court of appeals, and remand the case for retrial.

## I.  FACTS AND PROCEDURAL BACKGROUND

¶2     On July 7, 2003, Emmet Wall, Berben Walker, and Fernita Henry went to a convenience store in Tucson. Wall entered the store and asked to speak to the manager about an incident that he claimed had occurred the day before. Wall would not discuss the matter in the store, suggesting instead that he and the manager step outside to talk. The manager agreed. Once outside, Wall tried to convince the manager to move to the side of the store, but the manager refused.

¶3     While Wall was outside speaking to the manager, Henry purchased a bottle of water and began questioning the store clerk about lighters. At that time, the manager's wife returned from the bathroom to find Walker in the store's office, looking into an open safe. When she screamed, Walker grabbed her around the neck, threw her against the door jamb, and fled. As Walker ran from the store, Wall raised his voice and continued to talk to the manager outside, seemingly in an attempt to divert the manager's attention. But the manager chased Walker, eventually

catching and detaining him until police arrived.  In Walker's clothing, the police found $80.

¶4        Wall was arrested several minutes after Walker ran out of the store, as Wall and Henry were starting to drive away.  He initially denied knowing either Walker or Henry, but later admitted that he knew both of them.

¶5        Wall was indicted on one charge of robbery or being an accomplice to robbery.  Throughout the trial, Wall denied having anything to do with the crime.  Indeed, he claimed to have had no knowledge of the robbery until Walker ran out of the store.

¶6        While settling jury instructions, the trial judge asked if Wall wanted a lesser-included offense instruction on attempted robbery because the evidence did not clearly show whether Walker took any money from the store.  Wall declined, saying that he preferred to "go on the indictment, all or nothing."  The State then requested the attempted robbery instruction.

¶7        In response to the court's decision to give the attempted robbery instruction, the next morning, before summation, Wall requested that the court give a lesser-included offense instruction on attempted theft.[1]  Wall asserted that the

---

[1]    Attempt occurs if the defendant "[e]ngages in conduct intended to aid another to commit an offense, although the offense is not committed or attempted by the other person."

- 3 -

jury could interpret his attempt to distract the store manager as an effort to allow Walker to "take the money" without threatening or using any force. The judge acknowledged "that the jury could find that the plan here was to not necessarily commit a robbery involving force or threat, but [to] commit a theft by ruse." But the State countered that Wall was legally responsible for all of his accomplices' foreseeable acts, which in this case included robbery. Persuaded by the State's argument, the court declined to give the attempted theft instruction Wall had requested.

¶8        The jury convicted Wall of attempted robbery, a class five felony. The court sentenced him to an aggravated term of 5.5 years, based on three aggravating factors: the presence of accomplices, Wall's criminal record, and the emotional impact of the crime on the victims. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-702(C) (2002) (listing aggravating factors).

¶9        Wall appealed the trial court's refusal to give the lesser-included offense instruction. By memorandum decision, the court of appeals affirmed the trial court's decision, but on grounds different from those used by the trial court. The court

---

A.R.S. § 13-1001(A)(3) (2001). Attempted theft of property with a value less than $250 is a class two misdemeanor. A.R.S. §§ 13-1001(C)(7) (attempt), 13-1802(E) (2001) (theft). Recall that Walker had only $80 in his possession when he was arrested.

of appeals interpreted *State v. Van Adams*, 194 Ariz. 408, 984 P.2d 16 (1999), as precluding a lesser-included offense instruction if a defendant pursues an all-or-nothing defense, such that he is either guilty of the charged offense or not guilty at all.  Because Wall denied any knowledge of the crime, the court of appeals decided that the trial court's refusal to give the attempted theft instruction was proper under the *Van Adams* rationale.

¶10    In a concurring opinion, Judge Eckerstrom acknowledged that *Van Adams* appears to say that a defendant who pursues an all-or-nothing defense is not entitled to a lesser-included offense instruction.  But the judge was troubled by the application of the rule in this case.  He noted that Wall strenuously requested the theft instruction before summation, and the instruction Wall sought was supported by a "plausible interpretation of the evidence."

¶11    We granted review to decide whether a defendant automatically forfeits his right to a lesser-included offense instruction by asserting an all-or-nothing defense.  We have jurisdiction in this case pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.  DISCUSSION

¶12    This court reviews a trial court's denial of a

requested jury instruction for an abuse of discretion. *State v. Anderson*, 210 Ariz. 327, 343, ¶ 60, 111 P.3d 369, 385 (2005). An error of law committed in reaching a discretionary conclusion may, however, constitute an abuse of discretion. *State v. Green*, 200 Ariz. 496, 502, ¶ 28, 29 P.3d 271, 277 (2001).

## A. Requirements for Lesser-Included Offense Instructions

¶13    Arizona Rule of Criminal Procedure 23.3 requires the trial judge to provide the jury with verdict forms "for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense." If requested to do so and the evidence supports it, the trial judge must also instruct the jurors on all offenses "necessarily included" in the offense charged. Ariz. R. Crim. P. 21.3(c) cmt.; *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983).

¶14    Although the terms are often used interchangeably, a "lesser included" offense is not always a "necessarily included" offense for purposes of Rule 23.3. *State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980). An offense is "lesser included" when the "greater offense cannot be committed without necessarily committing the lesser offense." *Id.* But an offense is "necessarily included," and so requires that a jury instruction be given, only when it is lesser included *and* the

- 6 -

evidence is sufficient to support giving the instruction. *Id.*
In other words, if the facts of the case as presented at trial
are such that a jury could reasonably find that only the
elements of a lesser offense have been proved, the defendant is
entitled to have the judge instruct the jury on the lesser-
included offense. *Id.* (citing *Sansone v. United States*, 380
U.S. 343, 351 (1965)).

¶15    In this case, Wall maintains that the trial court
should have given an attempted theft instruction because
attempted theft is a lesser-included offense of attempted
robbery and evidence in the record would have supported a
finding of attempted theft. Arizona law defines theft as
knowingly "[c]ontrol[ling] property of another with the intent
to deprive the other person of [the] property." A.R.S. § 13-
1802(A)(1). Robbery adds the additional elements that the
property must be taken from a "person or [the person's]
immediate presence," and the taking must involve the use or
threat of force to coerce the surrender of the property. A.R.S.
§ 13-1902(A) (2001). Under our statutory scheme, theft is thus
a lesser-included offense of robbery because the greater offense
of robbery cannot occur unless a theft also occurs. *Celaya*, 135
Ariz. at 252, 660 P.2d at 853. Similarly, attempted theft is a
lesser-included offense of attempted robbery. *See State v.*

*Felix*, 153 Ariz. 417, 420, 737 P.2d 393, 396 (App. 1986).

¶16     The rule requiring instruction on lesser-included offenses is designed to prevent a jury from convicting a defendant of a crime, even if all of its elements have not been proved, simply because the jury believes the defendant committed some crime.  As the Supreme Court explained:  "Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction."  *Beck v. Alabama*, 447 U.S. 625, 634 (1980) (quoting *Keeble v. United States*, 412 U.S. 205, 212-13 (1973)).  Giving a lesser-included offense instruction mitigates that risk.  *Id.* at 637.

¶17     Arizona cases have consistently required a lesser-included offense instruction if it is supported by the evidence.  *See Celaya*, 135 Ariz. at 253, 660 P.2d at 854 ("Since the evidence before the jury would have supported a conviction of theft and an acquittal of robbery, Celaya was entitled to the requested lesser-included instruction."); *Dugan*, 125 Ariz. at 196, 608 P.2d at 773 (to same effect); *State v. McPhaul*, 174 Ariz. 561, 564, 851 P.2d 860, 863 (App. 1992) (to same effect).

¶18     We deem evidence sufficient to require a lesser-included offense instruction if two conditions are met.  The jury must be able to find (a) that the State failed to prove an

- 8 -

element of the greater offense and (b) that the evidence is sufficient to support a conviction on the lesser offense. *State v. Caldera*, 141 Ariz. 634, 636-37, 688 P.2d 642, 644-45 (1984). It is not enough that, as a theoretical matter, "the jury might simply disbelieve the state's evidence on one element of the crime" because this "would require instructions on all offenses theoretically included" in every charged offense. *Id.* at 637, 688 P.2d at 645 (quoting *State v. Schroeder*, 95 Ariz. 255, 259, 389 P.2d 257, 258 (1964)). Instead, the evidence must be such that a rational juror could conclude that the defendant committed only the lesser offense. *Id*. Whether attempted theft in this case was a necessarily included offense requiring a jury instruction thus turns on the sufficiency of evidence to support the attempted theft instruction.

## B.    The Evidence in the Record[2]

¶**19**       In the case now before us, Wall was indicted as an accomplice to a robbery. An accomplice is "a person . . . who with the intent to promote or facilitate the commission of an

---

[2]    The State argues that the defense presented no evidence that Wall intended to participate in a theft rather than in a robbery, and thus the trial court properly denied the requested lesser-included offense instruction. The court, however, must consider all the evidence in the record, not just that presented by the defense, when determining whether to give a lesser-included offense instruction. *See Celaya*, 135 Ariz. at 252, 660 P.2d at 853.

offense . . . [a]ids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense." A.R.S. § 13-301 (2001). Based on this language, the State maintains that Wall bears responsibility for any acts that he should reasonably foresee that his partners might commit. The State reasons that even if Wall did not know that his partners intended to commit a robbery, he was an accomplice to robbery nonetheless if he intended to facilitate the commission of some crime.

¶20 This court has held, however, that such a construction expands the words of the statute beyond their breaking point. *See State v. Phillips*, 202 Ariz. 427, 435, ¶ 36, 46 P.3d 1048, 1056 (2002). The rule in Arizona is that "a defendant is an accomplice . . . only if, intending to aid another in committing *an offense*, he '[a]ids . . . another person in . . . committing *the offense*.'" *Id.* (quoting A.R.S. § 13-301(2)). Thus it is the intent of the one charged as an accomplice, rather than the intent of the main actor, that controls the accomplice's criminal responsibility. *Id.* at 436, ¶ 37, 46 P.3d at 1057. Therefore, on the accomplice liability theory on which Wall was indicted, the appropriate inquiry is whether there was sufficient evidence in the record from which the jury could rationally conclude that Wall intended to aid Walker in

committing a robbery, or whether the evidence supported a rational conclusion that Wall intended to aid Walker only in committing a theft.

¶21     Because reasonable foreseeability is not the test for accomplice responsibility in Arizona, we hold that the trial court erred in employing that test to preclude giving the lesser-included offense instruction.

¶22     On the evidence in this case, the trial judge concluded that there was sufficient evidence to support the lesser-included offense instruction.  He agreed "that the jury could find that the plan here was to not necessarily commit a robbery involving force or threat, but [to] commit a theft by ruse."  The trial judge concluded that evidence that Wall distracted the store manager by taking him outside to talk could support a jury finding that he and Walker intended to steal money from the store without anyone seeing Walker, rendering the element of threat or force required for robbery missing.  In other words, the trial judge believed that the record contained sufficient evidence from which the jury could rationally find that the State failed to prove an element of robbery, but did prove the elements of theft or attempted theft.

¶23     We defer to the trial judge's assessment of the evidence, *State v. Monge*, 173 Ariz. 279, 281, 842 P.2d 1292,

1294 (1992), which in this case is borne out by our review of the record. We hold that, in addition to the instruction on attempted robbery, Wall was entitled to an instruction on the lesser-included offense of attempted theft.

¶24     The court of appeals did not disagree that the evidence supported the giving of a lesser-included offense instruction, but felt itself bound by language in *Van Adams*, 194 Ariz. at 414, ¶ 14, 984 P.2d at 22, which it read as precluding the instruction. We now turn to that question.

## C.   All-or-Nothing Defense

¶25     The court of appeals, while recognizing that the evidence appeared sufficient to support the giving of a lesser-included offense instruction, nonetheless affirmed the trial court's decision to deny Wall an instruction on attempted theft, reasoning that such a conclusion was compelled by dictum from this court's opinion in *Van Adams*, 194 Ariz. at 414, ¶ 14, 984 P.2d at 22. The court interpreted language from that case to mean that a defendant who employs an all-or-nothing defense is never entitled to a lesser-included offense instruction. Such a conclusion, however, is contrary to the analysis in the *Van Adams* case itself and inconsistent with case law in Arizona.

¶26     In *Van Adams*, the defendant was convicted of first-degree murder and attempted sexual assault. 194 Ariz. at 411,

- 12 -

¶ 1 & n.1, 984 P.2d at 19 & n.1. Throughout the trial, Van Adams' theory of defense was mistaken identity, which this court characterized as a complete denial of all involvement in the murder. *Id.* at 414, ¶ 14, 984 P.2d at 22. The defendant never argued the alternative theory that he lacked the premeditation necessary for first-degree murder. *Id.*

¶27 On appeal, the defendant argued that the trial court erred in not instructing the jury on the lesser-included offense of second-degree murder. *Id.* at 413, ¶ 11, 984 P.2d at 21. This court rejected that argument and affirmed the trial court ruling, noting that the evidence showed that the defendant struggled with the victim and ultimately "applied sufficient pressure [on her neck] for a sufficient length of time to asphyxiate her." *Id*. at 414, ¶ 12, 984 P.2d at 22. That evidence, the court concluded, "clearly" supported the jury's determination that the defendant "had sufficient opportunity to reflect upon his actions and could have ceased his attack at any time during the struggle," thus satisfying the element of premeditation. *Id*. The court ruled that a lesser-included offense instruction is not appropriate "when the 'defendant's theory of the case denies all involvement in the killing, and [when] *no evidence provides a basis* for a second degree murder conviction, . . . [and] the record is such that defendant is

- 13 -

either guilty of the crime charged or not guilty.'" *Id.* ¶ 14 (quoting *State v. Salazar*, 173 Ariz. 399, 408, 844 P.2d 566, 575 (1992)) (alteration in original) (emphasis added).

¶28 *Van Adams* thus did not establish a bright-line rule that a lesser-included offense instruction is never proper if a defendant has asserted an all-or-nothing defense. Instead, consistent with Arizona case law, the court analyzed whether sufficient evidence supported giving the lesser-included offense instruction. *Id.* ¶ 12. It concluded that the evidence did not support the instruction. *Id.* ¶ 15.

¶29 As a practical matter, when a defendant asserts an all-or-nothing defense such as alibi or mistaken identity, there will "usually [be] little evidence on the record to support an instruction on the lesser included offenses." *Caldera*, 141 Ariz. at 637, 688 P.2d at 645. In the typical case, the defendant "produces evidence that he simply did not commit the offense and the state produces evidence that he committed the offense as charged." *Id.* Thus, "the record is such that defendant is either guilty of the crime charged or not guilty." *Salazar*, 173 Ariz. at 408, 844 P.2d at 575. In such cases, "the trial court should refuse a lesser included instruction" because it is not supported by any evidence. *Id.*

¶30 But the evidence in the record can be sufficient to

require a lesser-included offense instruction even when the defendant employs an all-or-nothing defense. In *Dugan*, for example, the defendant was convicted of robbing a convenience store. 125 Ariz. at 195, 608 P.2d at 772. At trial, a store clerk testified that the defendant and another man entered the store together, the other man had a bulge in his coat, each disabled a surveillance camera, and the defendant took money from the register while the other man kept a lookout. *Id*. at 196, 608 P.2d at 773. The defendant testified that he entered the store alone, saw another customer in the store but thought nothing of it, bought cigarettes and beer, and left. *Id*. We concluded in that case that the facts were such that the jury could reasonably believe portions of the clerk's story and portions of the defendant's story. *Id*. Under those facts, a rational jury could find that the element of force or fear had not been credibly established and therefore that the defendant was guilty of theft but not robbery. *Id.* Thus the defendant's use of an all-or-nothing defense did not prevent this court from requiring the lesser-included offense instruction because the evidence was sufficient to support it. *Id.* The trial court's denial of the theft instruction in that case was therefore error. *Id.*

¶31    Similarly, the record in this case contains sufficient

evidence that Wall intended only a theft by ruse. A lesser-included offense instruction should therefore have been given. Nothing in *Van Adams* or other cases declining to require a lesser-included offense instruction should be read as precluding the giving of such an instruction in those circumstances in which the instruction is warranted by the evidence.

### III. CONCLUSION

**¶32** The trial court and court of appeals erred in denying the requested instruction. Because the evidence was sufficient to support the lesser-included offense instruction, Wall was entitled to the instruction on attempted theft. We therefore reverse Wall's conviction, vacate the memorandum decision of the court of appeals, and remand the case for a new trial.

_____
Rebecca White Berch, Vice Chief Justice


CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice

_____
W. Scott Bales, Justice