NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN ELLIOT GREEN, *Appellant.*

No. 1 CA-CR 18-0138
FILED 4-16-2019

Appeal from the Superior Court in Maricopa County
No. CR2013-429924-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

¶1 Kevin Elliott Green ("Green") appeals from his fraudulent schemes and shoplifting convictions and resulting sentences. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 On multiple occasions between March and May of 2013, surveillance video captured Green removing televisions from retail stores without paying for them. Green would enter a store without merchandise, go to the electronics area, load a cart with at least one television, return to the store entrance, and ask an employee for a return sticker. Green would then place the sticker on the television and exit the store as if the television had been previously purchased.

¶3 Green was charged with five counts of organized retail theft, a Class 4 felony, and one count of fraudulent schemes and artifices, a Class 2 felony.[1] A jury convicted Green of the fraudulent schemes and artifices charge and, for each theft count, found Green guilty of the lesser-included charge of shoplifting, which resulted in five shoplifting convictions—four Class 4 felonies and one misdemeanor.

¶4 Green was sentenced to a presumptive five-year term for each felony shoplifting conviction, a presumptive 15.75-year term for the fraud conviction, and a six-month jail term for the misdemeanor shoplifting conviction. Green timely appealed. We have jurisdiction pursuant to

---

[1] Green was also charged with organized retail theft and fraudulent schemes and artifices related to a June 2013 removal of clothing from another store. The fraudulent schemes and artifices charge was dismissed; however, Green was convicted of the lesser-included misdemeanor of shoplifting. He does not appeal that conviction.

Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5**    Green claims the superior court erred by denying his requested jury instruction on theft by misrepresentation as a lesser-included offense of fraudulent schemes and artifices. Because Green requested the instruction, we review the superior court's denial for abuse of discretion. *See State v. Hargrave*, 225 Ariz. 1, 11-12, ¶ 33 (2010). "The decision to refuse a jury instruction is within the trial court's discretion, and this court will not reverse it absent a clear abuse of that discretion." *State v. Robles*, 213 Ariz. 268, 270, ¶ 4 (App. 2006) (quoting *State v. Bolton*, 182 Ariz. 290, 309 (1995)).

**¶6**    Rule 21.4(a)(1) of the Arizona Rules of Criminal Procedure provides that "the court must submit forms of verdicts to the jury for . . . all offenses *necessarily included* in the offense charged." (Emphasis added.) An offense is necessarily included and requires a jury instruction "only when [the offense] is lesser included *and* the evidence is sufficient to support giving the instruction." *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006). "A jury must be instructed on lesser-included offenses if such an instruction is requested and supported by the evidence." *Robles*, 213 Ariz. at 270, ¶ 5 (citing *Wall*, 212 Ariz. at 3, ¶ 13).

**¶7**    "An offense is 'lesser included' when the 'greater offense cannot be committed without necessarily committing the lesser offense.'" *Wall*, 212 Ariz. at 3, ¶ 14 (quoting *State v. Dugan*, 125 Ariz. 194, 195 (1980)). Our analysis is limited to the elements of the two relevant offenses as set forth in the plain language of Arizona's criminal code. *See State v. Ortega,* 220 Ariz. 320, 324-25, ¶ 13 (App. 2008); *State v. Garcia*, 219 Ariz. 104, 106, ¶ 6 (App. 2008). "The elements of the crime as prescribed in the statute determine whether a crime is a lesser included offense of a greater offense, not the facts of a given case." *State v. Laffoon*, 125 Ariz. 484, 487 (1980). "Often facts may support another lesser conviction but if not charged in the indictment, the lesser offense may not be found." *Id.* (citation omitted). "Statutory interpretation is a question of law we review de novo." *State v. Cope*, 241 Ariz. 323, 324, ¶ 5 (App. 2016) (citing *State v. Gonzalez*, 216 Ariz. 11, 12, ¶ 2 (App. 2007)).

**¶8**    Here, Green claims the statutory elements of theft by misrepresentation are necessarily included in the elements of fraudulent schemes and artifices. A fraudulent schemes and artifices offense occurs

when a person, "pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions." A.R.S. § 13-2310(A). "A scheme or artifice is some plan, device, or trick [used] to perpetrate a fraud," *State v. Henry*, 205 Ariz. 229, 232, ¶ 12 (App. 2003) (quoting *State v. Haas*, 138 Ariz. 413, 423 (1983)), and implies "numerous acts may be committed," *State v. Suarez*, 137 Ariz. 368, 373 (App. 1983).

¶9　　　　Conversely, theft by misrepresentation occurs when "[a] person commits theft if, without lawful authority, the person knowingly: . . . [o]btains *services or property of another* by means of any *material misrepresentation* with *intent to deprive* the other person of such property or services . . . ." A.R.S. § 13-1802(A)(3) (emphasis added). "'Deprive' means to withhold the property interest of another either permanently or for so long a time period that a substantial portion of its economic value or usefulness or enjoyment is lost . . . ." A.R.S. § 13-1801(A)(4). "Intent to deprive" requires that "a person's objective is to cause that result or to engage in that conduct" of deprivation. A.R.S. §§ 13-105(10)(a), -1801(A)(4).

¶10　　　　The elements of the proposed lesser crime, theft by misrepresentation, are not contained in the greater crime of fraudulent schemes and artifices. First, theft by misrepresentation expressly requires a deprivation, *see* A.R.S. §§ 13-1801(A)(4), -1802(A)(3), whereas the benefit received by the defendant for a fraudulent schemes and artifices offense may not even be of value to another person, *see Henry*, 205 Ariz. at 233-34, ¶¶ 17, 22 (finding the benefit may be the defendant's own sexual gratification). Second, fraud by misrepresentation requires that the service or property obtained must belong to "another," whereas fraudulent schemes and artifices does not. *See* A.R.S. §§ 13-1802(A)(3), -2310(A). Thus, the elements required for the offense of theft by misrepresentation are not necessarily elements committed in the offense of fraudulent schemes and artifices. *See Wall*, 212 Ariz. at 3, ¶ 14. And, therefore, theft by misrepresentation is not a lesser-included offense of fraudulent schemes and artifices. *See* Ariz. R. Crim. P. 21.4(a)(1); *Wall*, 212 Ariz. at 3, ¶ 14; *Laffoon*, 125 Ariz. at 487 (finding lesser-included offenses are determined by statutory elements not the facts of a given case).

¶11　　　　Because theft by misrepresentation is not necessarily included in the greater offense, a jury instruction was not required, and we need not address whether sufficient evidence was provided to support the lesser offense. *See* Ariz. R. Crim. P. 21.4(a)(1); *Wall*, 212 Ariz. at 3, ¶ 14. The superior court did not abuse its discretion in denying the requested jury instruction.

**CONCLUSION**

¶12        We affirm Green's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA