NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL PIERRE KORAB, *Appellant.*

No. 1 CA-CR 20-0374
FILED 9-9-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201901159
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**REVERSED AND REMANDED IN PART; AFFIRMED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

S W A N N, Judge:

¶1        Paul Pierre Korab seeks reversal of his convictions for possession of dangerous drugs for sale and possession of narcotic drugs for sale.  He contends that the superior court abused its discretion by denying his request for a lesser-included-offense instruction.  We agree that there was sufficient evidence to support the instruction with respect to the count regarding dangerous drugs.  We therefore reverse Korab's conviction on that count and remand to the superior court for further proceedings consistent with this decision.  We affirm the remaining convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        During a search of Korab's home, police discovered in Korab's pants pocket three baggies of methamphetamine, two baggies of heroin, a heat torch, and a package of unused baggies.  In Korab's car, police found glass pipes, a digital scale, and a rifle.  Korab admitted to selling drugs out of his home, giving the names of his biggest customers and his supplier to police.  Korab also admitted using methamphetamine but he denied using heroin.  A grand jury indicted Korab for possession of dangerous drugs for sale (Count 1), possession of narcotic drugs for sale (Count 2), and two counts of misconduct involving weapons (Counts 3 and 4).  Count 4 was ultimately dismissed.

¶3        At trial, the lead detective testified that two of the baggies of methamphetamine were consistent with personal use, but the third was packaged for sale.  The detective said it was common for sellers to be users and to carry firearms, scales, and unused baggies.  Korab testified on his own behalf. Departing from what he had admitted to the police, he denied selling drugs and claimed his roommates had been selling drugs out of his home.  Consistent with what he had told the police, Korab admitted to using methamphetamine daily, but not heroin.  He also claimed that the police planted the baggies of methamphetamine and heroin on him.

¶4            Korab requested a lesser-included jury instruction of possession for personal use on Counts 1 and 2. The superior court denied the request. The jury convicted Korab on all three counts and found that Counts 1 and 2 were committed with the expectation of pecuniary gain. The court sentenced Korab to concurrent aggravated prison terms of twenty years on Counts 1 and 2 and a consecutive ten-year prison term on Count 3. Korab appeals.

## DISCUSSION

¶5            Korab contends that the superior court erred by denying his request for a lesser-included jury instruction on Counts 1 and 2. We review the denial of a lesser-included jury instruction for an abuse of discretion. *State v. Robles*, 213 Ariz. 268, 270, ¶ 4 (App. 2006).

¶6            A jury instruction for a lesser-included offense is required when the lesser-included offense is necessarily included in the greater offense. *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006). "Necessarily included" means that the offense

> is lesser included *and* the evidence is sufficient to support giving the instruction. In other words, if the facts of the case as presented at trial are such that a jury could reasonably find that only the elements of a lesser offense have been proved, the defendant is entitled to have the judge instruct the jury on the lesser-included offense.

*Id.*; *see also* Ariz. R. Crim. P. 21.4(a)(1) ("On request by any party and if supported by the evidence, the court must submit forms of verdicts to the jury for . . . all offenses necessarily included in the offense charged."). "[T]he evidence in the record can be sufficient to require a lesser-included offense instruction even when the defendant employs an all-or-nothing defense." *Wall*, 212 Ariz. at 6, ¶ 30. But a lesser-included-offense instruction is not justified when the evidence would not permit the jury to find only the lesser-included offense. *See State v. Lara*, 183 Ariz. 233, 235 (1995).

¶7            As the state concedes, possession of drugs for personal use is a lesser-included offense of possession of drugs for sale. *Gray v. Irwin*, 195 Ariz. 273, 276, ¶ 12 (App. 1999). The parties dispute only whether the record contained sufficient evidence to make the lesser-included offense necessarily included with respect to Counts 1 and 2.

¶8        We conclude that the superior court did not abuse its discretion by denying the lesser-included offense instruction with respect to Count 2, the narcotics offense, because there was not sufficient evidence to support the instruction. Korab's defense with respect to Count 2 was that the police planted the drugs on him. That defense, which the state rebutted with body camera footage, challenged whether Korab knowingly possessed the drugs. Knowing possession is an element of both possession for sale and possession for personal use. A.R.S. § 13-3407(A)(1)–(2). The defense therefore did not create a basis for a conviction on the lesser-included offense only. Moreover, Korab consistently denied using heroin, and the lead detective testified that one of the baggies of heroin found on Korab contained enough drugs for nearly seventy uses. That evidence, together with the circumstantial evidence of sales, supported the greater offense only.

¶9        However, we conclude that there was sufficient evidence to support the lesser-included jury instruction for Count 1, the methamphetamine offense. Korab admitted to using methamphetamine daily, and the lead detective testified that the heat torch found in Korab's pocket was a common methamphetamine-smoking device. The detective further conceded that only one of the three baggies of methamphetamine found in Korab's pocket was of a quantity consistent with being packaged for sale, and that the other two baggies of methamphetamine were of quantities consistent with personal use. At trial, Korab denied selling methamphetamine and claimed that his roommates were selling drugs out of his home. The state presented no corroborating evidence to support Korab's interview admissions regarding his sales, buyers, and suppliers. A jury could reasonably believe that Korab lied to the police. And the circumstantial evidence of sales was never tied specifically to either of the drugs found in Korab's possession. Therefore, a jury could reasonably believe that Korab possessed the unused baggies, scale, and firearm to sell heroin, not methamphetamine, and that he possessed the methamphetamine for his personal use only. Based on the evidence in the record, the superior court erred by not giving the lesser-included jury instruction of possession for personal use on Count 1.

¶10       We generally reverse a conviction when a defendant has not received a warranted lesser-included-offense instruction unless the state proves beyond a reasonable doubt the error was harmless. *State v. Burch*, 247 Ariz. 376, 379–80, ¶ 10 (App. 2019). The state did not meet that burden here.

**CONCLUSION**

**¶11**         We reverse Korab's conviction on Count 1 and remand to the superior court for further proceedings consistent with this decision.  We affirm the remaining convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:     AA