NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ADRIAN PHILLIP HARVEY, *Petitioner.*

No. 1 CA-CR 24-0593 PRPC

FILED 03-06-2025

Petition for Review from the Superior Court in Maricopa County
No. CR 2015-002237-001
The Honorable Danielle J. Viola, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1**      Adrian Harvey petitions this court to review the summary dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32.1. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**      Harvey's ex-girlfriend was found in her bed, fatally shot, with bruised thighs and jewelry ripped from her neck. *State v. Harvey*, 1 CA-CR 17-0814, 2019 WL 1500710, at *1, ¶ 2 (Ariz. App. Apr. 4, 2019) (mem. decision). The victim's cellphone was missing, and there were no guns or bullet casings at the scene. *Id.* Harvey told police he last saw the victim walking into her home. *Id.* at ¶ 3. But he told two other ex-girlfriends he witnessed the victim's suicide and told one he took the gun to avoid suspicion. *Id.* Harvey was emotionally and physically abusive to all three ex-girlfriends and had threatened before to kill the victim. *Id.* at ¶¶ 2-3.

**¶3**      Harvey was tried for first-degree murder and burglary. *Harvey*, 1 CA-CR 17-0814, at *1, ¶ 4. The jury found him not guilty on the greater charge of first-degree murder but could not decide on the lesser-included offense of second-degree murder. *Id.* The State then retried Harvey for second-degree murder. *Id.* at ¶ 5. The jury found him guilty, and the court sentenced him to twenty years in prison. *Id.*

**¶4**      We affirmed Harvey's conviction and sentence on direct appeal. *Harvey*, 1 CA-CR 17-0814, at *3, ¶ 19. He then unsuccessfully petitioned for PCR on many grounds. Harvey petitioned this court for review. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes § 13-4239, and Rule 32.1.

**DISCUSSION**

**¶5**       Harvey raises several arguments. We address them in turn, reviewing whether he has met his burden to show an abuse of discretion or legal error. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021).

**A.       Harvey Failed to Show Ineffective Assistance of Counsel.**

**¶6**       We first address Harvey's PCR claims based on ineffective assistance of counsel ("IAC"). *See* Ariz. R. Crim. P. 32.1(a); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

**¶7**       To state a colorable trial IAC claim, a defendant must prove counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to prove either element dooms the claim. *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). To show deficient performance, the defendant must overcome the strong presumption that counsel's conduct could constitute a sound trial strategy. *Strickland*, 466 U.S. at 689. The defendant must show counsel acted objectively unreasonably, *id.* at 687-88, by offering evidence—not just conclusory statements—that counsel's conduct fell below prevailing professional standards, *see State v. Leyva*, 241 Ariz. 521, 527-28, ¶ 21 (App. 2017). Similarly, to show prejudice, the defendant must provide some evidence of a reasonable probability that counsel's deficient performance affected the case's outcome. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999); *State v. Donald*, 198 Ariz. 406, 414, ¶ 21 (App. 2000) ("[D]efendant's challenge must consist of more than conclusory assertions and be supported by more than regret."); *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

**¶8**       Like a trial IAC claim, a presumption exists that appellate counsel provided effective assistance. *State v. Macias*, 249 Ariz. 335, 340-41, ¶¶ 17-18 (App. 2020). Appellate counsel must review the record and select the most promising issues to raise in an appeal. *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). Generally, "[a]ppellate counsel is not ineffective for selecting some issues and rejecting others." *Id.*; *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983) ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. . . . A brief that raises every colorable issue runs the risk of burying good arguments . . . ."). Nevertheless, if counsel ignores issues stronger than those selected for the appeal, a defendant can overcome the presumption of effective assistance of counsel.

*See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

¶9        We agree with the State that Harvey relies on conclusory assertions, not evidence. *See State v. Bigger*, 251 Ariz. 402, 409, ¶ 15 (2021) ("Although an affidavit may not always be required to establish that counsel's performance did not meet prevailing professional standards, a defendant must do more than disagree with, or posit alternatives to, counsel's decisions to overcome the presumption of proper action." (cleaned up) (quoting with approval *State v. Bigger*, 250 Ariz. 174, 182, ¶ 23 (App. 2020) *vacated* 251 Ariz. 402)). We could reject Harvey's IAC arguments on that ground alone. But his arguments also fail for other reasons.

¶10        Harvey first asserts IAC because trial and appellate counsel did not challenge testimony at the grand jury that the victim's hands tested negative for gunshot residue. Trial testimony established that "gunshot residue" is a generic term that includes smokeless-gunpowder residue, for which the victim's hands did test negative. Even if the grand-jury testimony used an overbroad term, the inaccuracy was immaterial, and Harvey failed to show deficiency or prejudice from counsel's failure to challenge it. *Cf. State v. Moody*, 208 Ariz. 424, 439-40, ¶ 31 (2004) (Grand-jury proceedings preceding a conviction may be challenged on direct appeal only if the State knew the indictment was based on perjured, material testimony.).

¶11        Harvey asserts IAC based on trial counsel's forensic investigation and selection of a blood-pattern expert. Harvey points out that a prosecutor criticized the expert in an earlier case, the expert conceded he was less experienced than the State's expert, and other experts had more helpful opinions. But even if counsel could have used stronger experts, the selected expert offered appropriate testimony supporting Harvey's defense. Counsel's use of the expert did not amount to deficient performance. *See State v. King*, 250 Ariz. 433, 442, ¶¶ 38-39 (App. 2021) (Credible experts may disagree in good faith, and a defendant is not entitled to a new trial simply because he or she has found a new expert with different opinions.).

¶12        Harvey next asserts IAC based on trial counsel's failure to make certain evidentiary objections. But he fails to show a reasonable likelihood of success on the objections or that the challenged evidence was critical to his conviction. First, Harvey argues that counsel should have sought to preclude evidence that he had an arrest warrant. But the warrant provided an exculpatory explanation for Harvey's failure to call the police

upon the victim's death, evidencing a tactical decision to use, rather than exclude, the evidence. *See* Ariz. R. Evid. 401-03 (Generally, relevant evidence is admissible unless its relevance is substantially outweighed by a danger of unfair prejudice.). Second, Harvey argues counsel should have acted when a fact witness offered expert testimony on domestic violence. But at the retrial, the witness, one of Harvey's ex-girlfriends, did not offer expert testimony—she merely described how her social-work background affected her reaction to being abused by Harvey. Finally, Harvey argues counsel should have sought reconsideration of a ruling deeming other-acts evidence admissible under Arizona Rule of Evidence 404(b). But the evidence's admissibility was confirmed on direct appeal. *See Harvey*, 1 CA-CR 17-0814, at *1-2, ¶¶ 6-9. Even accepting Harvey's argument that the issue was presented in a different "context" on appeal, it cannot provide grounds for PCR. *See* Ariz. R. Crim. P. 32.2(a); *State v. Shrum*, 220 Ariz. 115, 118, ¶ 12 (2009) (PCR is precluded when based on a ground that was or could have been decided on appeal.).

**¶13**      Harvey next asserts IAC based on trial counsel's failure to impeach another of his ex-girlfriends with a text message in which she offered to withhold her testimony in exchange for his forgiveness of child-support arrears. Counsel impeached the witness about the parties' custody dispute and her drug use. Harvey fails to show how counsel's failure to raise an additional challenge to her veracity constituted IAC.

**¶14**      Harvey next asserts IAC based on trial and appellate counsel's handling of the jury instructions. First, he argues trial counsel should have requested a "mere presence" jury instruction. But on this record, where the jury rejected Harvey's suicide story, Harvey has not shown how the instruction would have altered the outcome. Second, Harvey argues trial and appellate counsel should have challenged the lesser-included second-degree murder instruction in his first trial. Harvey fails to show prejudice again. To be sure, a lesser-included second-degree murder instruction is inappropriate if the defendant denies all involvement in a homicide and no evidence provides a basis for a second-degree murder conviction. *State v. Wall*, 212 Ariz. 1, 5-6, ¶ 27 (2006). But here, evidence, including the victim's bruising and ripped-off jewelry, supported a second-degree murder conviction. *See* A.R.S. § 13-1104(A) (A person commits second-degree murder if, without premeditation, he or she intentionally, knowingly, or recklessly causes another's death.). For similar reasons, we reject Harvey's argument that appellate counsel committed IAC by failing to challenge the denial of his motion for a judgment of acquittal on second-degree murder in the second trial.

**B.     Harvey Failed to Show an Unlawful Sentence.**

¶15     Harvey finally contends he received an unlawful sentence because the court considered a prior conviction premised on a crime that does not exist under Arizona law. *See* Ariz. R. Crim. P. 32.1(c). The State alleged a prior conviction for criminal damage, which Harvey asserts was for attempted criminal damage, which usually is not a cognizable offense under Arizona law. *See* A.R.S. § 13-1602(A) (All forms of criminal damage require reckless *mens rea* except one: intentionally tampering with utility property.); *State v. Adams*, 155 Ariz. 117, 119-20 (App. 1987) (Liability for attempted crimes is limited to intentional conduct under Arizona law.). But on this record, any inaccuracy in the State's allegation of the property-damage conviction was immaterial, as was any deficiency in the conviction itself. The court made no findings about the conviction; instead, it relied exclusively on two unrelated drug convictions to aggravate Harvey's sentence. We need not decide whether the property-damage conviction was subject to collateral attack because it played no role in Harvey's sentencing.

**CONCLUSION**

¶16     The superior court did not err by summarily dismissing Harvey's PCR petition. We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR