NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GRANT EDWARD SANDERS, *Appellant.*

Nos. 1 CA-CR 24-0647
1 CA-CR 25-0046
(Consolidated)

FILED 11-28-2025

Appeal from the Superior Court in Yavapai County
No. S1300CR202301335
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

C. Kenneth Ray, II, P.C., Prescott
By C. Kenneth Ray, II
*Counsel for Appellant*

―――――――――――――――

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

―――――――――――――――

**P A T O N**, Judge:

**¶1**         Grant Edward Sanders appeals his aggravated assault conviction and the superior court's denial of his motion to vacate judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         We view the facts in the light most favorable to upholding the jury's verdict. *State v. Burgess*, 245 Ariz. 275, 277, ¶ 3 (App. 2018).

**¶3**         In November 2023, twelve-year-old Harry[1] and his family visited a family friend who lived in Sanders's neighborhood. While biking one evening, Harry saw some sheep or goats near Sanders's property. Harry returned a few times to look at the animals.

**¶4**         Once, after spotting Harry, Sanders and his girlfriend yelled at him and called him a "little thief." Harry left but later passed by on his return to view the animals. This time, Sanders chased Harry down and started loudly berating him. Harry repeatedly said he did not steal anything and was only there to look at the animals. Sanders grabbed him by the neck of his sweatshirt and yanked him off the ground. Harry screamed for his dad.

**¶5**         One of the neighbors called 9-1-1. An officer interviewed Sanders and his girlfriend at the scene, who both claimed they had heard about several recent thefts in the neighborhood and thought Harry was trying to commit burglary.

**¶6**         The State charged Sanders with one count of aggravated assault—aggravated because he was over eighteen years of age at the time

―――――――――――――

[1] We use a pseudonym to protect the victim's identity. *See* Ariz. R. Sup. Ct. 111(i).

of the alleged assault and Harry was less than fifteen years old. A.R.S. § 13-1204(A)(6).

¶7        At trial, Sanders's girlfriend testified that a neighbor, Ben, grabbed Harry first, and Sanders pulled Harry away from Ben to protect him. She did not mention Ben to law enforcement when she was interviewed at the scene.

¶8        In his defense, Sanders's counsel argued that (1) Harry was not in reasonable apprehension of imminent physical injury, (2) Sanders's actions were justified because he was defending his property, and (3) he only grabbed Harry to protect Harry from Ben. The jury found Sanders guilty as charged.

¶9        During the sentencing phase, the court received a letter from Sanders's neighbor in support of mitigation. The letter detailed several recent alleged crimes in the neighborhood. Sanders moved to vacate the judgment, arguing his counsel provided ineffective assistance by failing to exercise reasonable diligence to discover evidence of these alleged crimes. The superior court denied his motion.

¶10        Sanders timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    The superior court did not err by not sua sponte striking Juror No. 5 for cause.

¶11        Sanders argues he was denied his right to an impartial jury because the superior court did not sua sponte strike an allegedly biased juror. We review the court's decision not to strike a juror for abuse of discretion. *State v. Medina*, 232 Ariz. 391, 403, ¶ 36 (2013). Because Sanders did not move to strike the juror, we review for fundamental error. *Id.*

¶12        Under fundamental error review, Sanders carries the burden to show error exists, the error is fundamental, and the error caused him prejudice. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). An error is fundamental if it (1) goes to the "foundation of the case," (2) deprives the defendant of "a right essential to his defense," or (3) is "so egregious that [the defendant] could not possibly have received a fair trial." *Id.* If a defendant establishes fundamental error, he must show prejudice by

3

establishing that "a reasonable jury could have plausibly and intelligently returned a different verdict" absent the error. *Id.* at 144, ¶ 31.

**¶13**      A criminal defendant has a constitutional right to be tried by an impartial jury. U.S. Const. amend. VI; Ariz. Const. art. II, § 24. But "a juror's preconceived notions . . . do not necessarily render that juror incompetent to fairly and impartially sit on the case." *State v. Martinez*, 196 Ariz. 451, 459, ¶ 28 (2000) (citation omitted).

**¶14**      The defendant bears the burden of establishing that an allegedly biased juror is "incapable of rendering a fair and impartial verdict." *State v. Acuna Valenzuela*, 245 Ariz. 197, ¶ 21 (2018) (citation omitted). The superior court must consider "the totality of a prospective juror's conduct and answers given during voir dire" in making this determination and excuse a juror "if there is a reasonable ground to believe that the juror or jurors cannot render a fair and impartial verdict." Ariz. R. Crim. P. 18.4(b), 18.5(h). But the court has broad discretion to excuse or retain a potential juror. *State v. Jimenez*, 255 Ariz. 550, 553, ¶ 8 (App. 2023). Because the court personally observed the juror, we defer to its credibility findings and question only whether the record supports the court's findings. *State v. Puga*, 259 Ariz. 229, ¶ 27 (App. 2025).

**¶15**      The juror at issue here indicated on her written questionnaire that she found "aggravated assault of a minor a particularly heinous crime." When defense counsel questioned her orally, however, she repeatedly and unequivocally assured the court that she could be impartial. She avowed that her feelings about the crime would "[a]bsolutely not" affect her ability to be fair and impartial because she was "able to hear facts and make a legal decision with the facts presented . . . in a fair manner." As previously mentioned, Sanders did not object to the empanelment of this juror—in fact, defense counsel expressly stated, "[s]ounds good to me" regarding the juror at the end of his questioning.

**¶16**      The record supports the superior court's implicit conclusion that the juror could be fair and impartial. *See Martinez*, 196 Ariz. at 459, ¶ 28 ("If a juror is willing to put aside his opinions and base his decision solely upon the evidence, he may serve."); *State v. Bible*, 175 Ariz. 549, 573 (1993) (concluding that no fundamental error occurred when the superior court did not sua sponte strike jurors who indicated that "they would find it difficult but not impossible to be fair and impartial"). We discern no error— let alone prejudicial, fundamental error.

**II.    The superior court did not commit fundamental, prejudicial error in failing to sua sponte instruct the jury on disorderly conduct.**

**¶17**        Sanders next contends the court committed fundamental error in failing to sua sponte provide a jury instruction on the lesser-included offense of disorderly conduct.  He claims the jury could have found that he did not place Harry in reasonable apprehension of imminent physical injury but instead only disturbed Harry's peace by engaging in seriously disruptive behavior or making unreasonable noise.  *See* A.R.S. § 13-1203(A)(2), -2904(A)(1), (2).

**¶18**        "An offense is 'lesser included' when the 'greater offense cannot be committed without necessarily committing the lesser offense.'" *State v. Carter*, 249 Ariz. 312, 316, ¶ 10 (2020) (citation omitted).  Whether an offense is lesser included is a question of statutory interpretation, which we review de novo.  *State v. Cheramie*, 218 Ariz. 447, 448, ¶¶ 7-8 (2008).  But we review the superior court's failure to sua sponte instruct the jury on a lesser-included offense for fundamental error.  *State v. Tschilar*, 200 Ariz. 427, 437, ¶ 39 (App. 2001).  Sanders bears the burden of proving that (1) the trial court erred, (2) the error was fundamental, and (3) he suffered prejudice from the error.  *See Escalante*, 245 Ariz. at 142, ¶ 21.

**¶19**        In non-capital cases, the superior court is not required to sua sponte instruct the jury on every lesser offense supported by the record; in fact, it should "exercise restraint" in doing so.  *State v. Gipson*, 229 Ariz. 484, 486-87, ¶¶ 13, 15-16 (2012).  The superior court must provide a lesser-included offense instruction only when the absence of such an instruction "would fundamentally violate [the] defendant's right to a fair trial" and "interferes with [the] defendant's ability to conduct his defense."  *State v. Lucas*, 146 Ariz. 597, 604 (1985), *overruled in part on other grounds by State v. Ives*, 187 Ariz. 102, 106-09 (1996). We need not reach the issue Sanders raises regarding whether disorderly conduct is a lesser-included offense of aggravated assault, nor do we decide whether not instructing the jury on disorderly conduct amounted to fundamental error, because, as discussed below, Sanders has not met his burden of proving prejudice.  *See Escalante*, 245 Ariz. at 142, ¶ 21.

**¶20**        Sanders relies on *State v. Wall,* 212 Ariz. 1 (2006) to argue he is not precluded from a lesser-included offense instruction merely because he pursued an "all-or-nothing" defense—meaning "that he is either guilty of the charged offense or not guilty at all."  *Id.* at 3, ¶ 9.

¶21 In *Wall*, our supreme court held the superior court abused its discretion in denying the defendant's lesser-included offense instruction that was both requested by the defendant and supported by sufficient evidence—merely because the defendant pursued an "all-or-nothing" defense. *Id.* at 5-6, ¶¶ 25, 30. But *Wall* is distinguishable from the case at hand because Sanders never requested the disorderly conduct instruction he now claims the court should have sua sponte instructed the jury on. *Id.* at 2-3, ¶ 7. Whereas the State bore the burden to show lack of prejudice in *Wall*, here, Sanders bears the burden to show prejudice. *State v. Wilson*, 253 Ariz. 191, 197-99, ¶¶ 21, 28 (App. 2022) (reviewing the superior court's failure to give requested jury instruction for harmless error).

¶22 Sanders raises two arguments in support of prejudice—first, that he is entitled to "assurance" that the jury did not only find him guilty of aggravated assault because it determined he was guilty of "something" and that was the only crime for it to consider. And second, that the jury "*may* have concluded" that he did not intend to place Harry in reasonable apprehension but rather was merely "seriously disruptive or acting unreasonable in the verbal noise directed at [Harry]." (Emphasis added.)

¶23 Both of these arguments are based on pure speculation, and he bears the burden to affirmatively prove prejudice beyond speculation. *Compare State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013), *as amended* (Dec. 17, 2013) (citation and internal quotation marks omitted) (under fundamental error review, defendant must "affirmatively prove prejudice and may not rely upon speculation to carry his burden"), *with State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005) ("Harmless error review places the burden on the state to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence."). He has therefore not met his burden. The superior court did not commit fundamental, prejudicial error by not sua sponte instructing the jury on disorderly conduct.

### III. The prosecutor did not commit prosecutorial error.

¶24 Sanders next argues the prosecutor committed prosecutorial error or misconduct by falsely suggesting during witness questioning and in closing argument that Ben did not exist. Sanders did not make this objection at trial, so we review for fundamental error. *State v. Murray*, 250 Ariz. 543, 547, ¶ 11 (2021). To be entitled to relief, the defendant must show the alleged error occurred, and the prosecutor erred intentionally, knowing it was improper and prejudicial. *State v. Shortman*, 254 Ariz. 338, 343, ¶ 21 (App. 2022) (citation omitted). The defendant must then show that "it is

reasonably likely the error could have affected the jury's verdict, thereby denying defendant a fair trial." *Id.*

**¶25** Sanders claims the prosecutor knew Ben existed because the prosecutor listed Ben as a potential witness and, therefore, intentionally misled the jury by suggesting that Ben was "a fabrication." But the prosecutor did not claim Ben did not exist. To the contrary, the prosecutor expressly acknowledged that Ben was at the scene and argued that Sanders fabricated his claim that Ben committed the crime instead of him. And while cross-examining Sanders's girlfriend, the prosecutor asked why she did not tell police about Ben when she was interviewed at the scene, to which she responded, "that night it might have slipped my mind" and she questioned the "relevancy" of it. When the prosecutor asked her if she created the story she responded, "[a]bsolutely not." In other words, the jury heard Sanders's girlfriend's explanation as to why she did not mention Ben at the scene and her testimony that she did not fabricate Ben's involvement. We discern no error.

### IV. The superior court did not err in denying Sanders's motion to vacate judgment.

**¶26** Finally, Sanders claims the superior court erroneously denied his motion to vacate. We review the denial of a motion to vacate for abuse of discretion. *State v. Nordstrom*, 200 Ariz. 229, ¶ 90 (2001).

**¶27** In his motion to vacate, Sanders argued that his trial counsel was ineffective in failing to exercise due diligence to discover evidence of the alleged crimes detailed in his neighbor's letter. But we do not address ineffective assistance of counsel claims on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

**¶28** Sanders also argues for the first time on appeal that the new evidence presented in the letter provided basis to vacate the judgment. Because he did not make this argument in the superior court, it is waived. *State v. West*, 238 Ariz. 482, 496, ¶ 49 (App. 2015). Regardless, his claim fails on the merits. Newly discovered evidence may provide a basis to vacate judgment if (1) the defendant exercised due diligence in discovering the evidence, (2) the evidence is material, not merely cumulative or impeaching, and (3) the evidence would have likely changed the verdict if introduced at trial. Ariz. R. Crim. P. 24.2(A)(2), 32.1(e); *State v. Parker*, 231 Ariz. 391, 408, ¶ 78 (2013).

**¶29** The information about neighborhood crime is not newly discovered evidence. *See* Ariz. R. Crim. P. 32(e). Sanders admits the

evidence could have been discovered with due diligence. *See id.* Further, the evidence is cumulative because Sanders's girlfriend testified extensively about reports of alleged crimes in the neighborhood at trial, and Sanders argued to the jury that his actions were justified as a result. *See id.* Therefore, additional evidence of alleged crimes in the area contained in the letter would not have likely changed the jury's verdict. *See* Ariz. R. Crim. P. 24.2(A)(2), 32.1(e)(3).

**CONCLUSION**

¶30 We affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR